## Richmond

DWIGHT THORNTON CARTER V. COMMONWEALTH OF VIRGINIA.

March 6, 1972.

Record No. 7778.

Present, Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*Barry S. Comess,* for plaintiff in error.

*Burnett Miller, III, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

Defendant Dwight Thornton Carter appeals his conviction of unlawful possession or use of a sawed-off shotgun for an offensive or aggressive purpose. Code § 18.1-268.3. Our decision turns on the sufficiency of the evidence to support the conviction.

On the night of March 31, 1969, two men appeared at the front door of the Berkshire Apartments in Richmond. A woman who was in the lobby identified Carter as one of the men. She saw Carter remove from the right side of his overcoat a "pipe-like object", "pewter color, sort of gray, dull silver". As the woman ran away in fright, she heard a shot.

About eight days later, police officers found a sawed-off shotgun wrapped in plastic and buried under a stairway in the open yard to the rear of the residence of Carter's stepgrandfather at 811-½ West Leigh Street in Richmond. Hearsay evidence indicated that Carter resided there, but all direct evidence was to the contrary. He was

not present when the gun was found, and the evidence does not show when he had last been there.

The shotgun was produced in court at Carter's trial. The woman who observed Carter in the lobby of the Berkshire was not asked to identify the shotgun as the "pipe-like object" she had seen in Carter's possession. She was not even asked whether the shotgun resembled the "pipe-like object".

The evidence does not support Carter's conviction of possession or use of the shotgun. Even if we can conclude that Carter resided at 811-½ West Leigh Street, the evidence does not connect him with the shotgun buried in the rear of the residence. And the evidence does not show that Carter possessed a shotgun when he was seen at the Berkshire.

The judgment is reversed and the case remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*